**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; PASKENTA ENTERPRISES CORPORATION, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UMPQUA BANK; UMPQUA HOLDINGS CORPORATION, <br><br> Defendants-Appellees. | No. 17-15486 <br><br> D.C. No. 2:15-cv-00538-MCE-CMK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted January 26, 2021
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

This appeal by Appellants-Plaintiffs Paskenta Band of Nomlaki Indians and

Paskenta Enterprises Corporation (collectively, Paskenta) seeks to reverse the

district court's dismissal of Paskenta's third amended complaint asserting claims

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for negligence, breach of contract and aiding and abetting against Appellees-Defendants Umpqua Bank and Umpqua Holdings Corporation (collectively, Umpqua Bank).  We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, we affirm.  *See Northstar Fin. Advisors, Inc. v. Schwab Invests.*, 904 F.3d 821, 828 (9th Cir. 2018).

## 1.  <u>Negligence Claim</u>

Paskenta's complaint does not plausibly allege facts to support a claim for negligence.  The duty to investigate and discover the wrongdoing of Paskenta's authorized signatories fell to Paskenta, and not to Umpqua Bank.  *See* Cal. Fin. Code§ 1451 (providing that banks may assume that any activity initiated by an authorized signer is for a valid purpose unless the bank receives written notice from the debtor otherwise); *see also Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998) (holding that "commercial banks have no duty to police their fiduciary accounts . . . and are not liable for the misappropriation of trust funds by the trustee") (citations and alteration omitted); *Desert Bermuda Props. v. Union Bank*, 265 Cal. App. 2d 146, 150 (1968) (holding that a bank "was not required to inquire into the financial relationship of [the corporation] and its officers and directors acting within the scope of their conferred authority until Bank received

2

notice that their authority had been revoked or Bank officially learned that authorization never existed").

## 2. Breach of Contract Claim

The contract between Umpqua Bank and Paskenta imposed no obligation on Umpqua Bank to monitor transactions by authorized signatories on Paskenta's accounts at Umpqua Bank. *See Chazen*, 61 Cal. App. 4th at 537 (explaining that "the relationship of bank and depositor is founded on contract . . . which is ordinarily memorialized by a signature card that the depositor signs upon opening the account"); *see also Blackmon v. Hale*, 463 P.2d 418, 422 (Cal. 1970) (in bank) (holding that the signature card "serves as a contract between the depositor and the bank for the handling of the account"). Umpqua Bank was not notified of any change in account authorization until Paskenta's May 30 cease and desist letter, which Paskenta acknowledges that Umpqua Bank honored.

## 3. Aiding and Abetting Claim

Paskenta's complaint does not sufficiently allege a claim for aiding and abetting. Specifically, Paskenta failed to plausibly allege that Umpqua Bank actually knew that processing transactions requested by Paskenta's authorized signatories, assisted those employees in committing a specific tort. *See Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 745 (2010). Instead, Paskenta alleged

3

that various irregularities required further investigation by Umpqua Bank to determine whether Paskenta employees were engaged in wrongdoing. However, actual knowledge is required to establish an aiding and abetting claim. *See Das*, 186 Cal. App. 4th at 745 (affirming dismissal of an aiding and abetting claim because plaintiff failed to allege that "the bank had actual knowledge of the underlying wrong it purportedly aided and abetted"); *see also Chavez v. United States*, 683 F.3d 1102, 1108-10 (9th Cir. 2012) (explaining that "conclusory statements . . . are not entitled to the presumption of truth").

Because Paskenta failed to state any plausible claim against Umpqua Bank, the district court did not err in dismissing Paskenta's third amended complaint.

**AFFIRMED.**